# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,         :

:      ID Nos. 2010012425

v.                     :           2103016186

:

JAMES E. THOMAS,        :

:

Defendant.        :

Submitted: March 28, 2024
Decided:   June 24, 2024

## ORDER

On this 24th day of June 2024, upon consideration of Defendant James Thomas' motion for postconviction relief, the Commissioner's Report and Recommendation ("the Report"), the State's Response, and the record in this case, it appears that:

1. On March 16, 2022, Mr. Thomas pled guilty to one count of Possession of a Firearm During the Commission of a Felony, 11 *Del C.* § 1447A, and one count of felony Resisting Arrest, 11 *Del. C.* § 1257(a)(3). As part of his plea agreement, the State agreed to dismiss the remaining charges and to recommend no more than fifteen years of unsuspended Level V time. After a presentence investigation, the Court sentenced Mr. Thomas to twenty-seven years of incarceration, suspended after fifteen years, followed by probation.

2. Mr. Thomas filed no direct appeal after his guilty plea. Rather, he filed a motion seeking postconviction relief pursuant to Superior Court Criminal Rule 61. The Court then referred the case-dispositive matter to a Superior Court commissioner for proposed findings of fact and recommendations as permitted by

10 *Del. C.* § 512(b) and Superior Court Criminal Rule 62 (a)(5).

3.    After considering the parties' positions, the Commissioner issued her findings and recommendations in her Report attached as Exhibit A.   In her Report, she explained (1) why Mr. Thomas failed to demonstrate that his counsel was ineffective for not filing a motion to suppress and (2) why his remaining grounds for relief had no merit.   When doing so, the Commissioner conducted a complete review of the record and found that Mr. Thomas' counsel provided competent representation and that Mr. Thomas entered his plea knowingly, intelligently, and voluntarily. Accordingly, she found postconviction relief inappropriate.

4.    After she issued her Report, neither party filed written objections as permitted by Superior Court Criminal Rule 62(a)(5)(ii).   In the absence of objections, the Court accepts her findings and recommendations as required by Rule 62 (a)(5)(iv).

**NOW, THEREFORE**, for the reasons stated in  the Report dated March 4, 2024, and after receiving no objections to the Report:

**IT IS HEREBY ORDERED** that the Court **ACCEPTS** the attached Commissioner's Report and Recommendation in its entirety.   Defendant James Thomas' motion for postconviction relief is therefore **DENIED**.

/s/ Jeffrey J Clark
Resident Judge


oc:    Prothonotary
cc:    The Honorable Andrea M. Freud
        Kevin Smith, DAG
        Alexander Funk, Esquire

# Exhibit A

**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

|  |  |  |
|---|---|---|
| STATE OF DELAWARE | : | ID No. 2010012425 and 2103016186 |
|  | : | In and for Kent County |
| v. | : |  |
|  | : | RK2106047401 – PFDCF |
| JAMES E. THOMAS | : | RK2104096701 – Resisting Arrest |
| SBI # 00391707 | : |  |
|  |  |  |
| Defendant. |  |  |

**COMMISSIONER'S REPORT AND RECOMMENDATION**

**Upon Defendant's Motion for Postconviction Relief
Pursuant to Superior Court Criminal Rule 61**

Kevin Smith, Esq., Deputy Attorney General, Department of Justice, for the State of Delaware.

James E. Thomas, *Pro Se*.

FREUD, Commissioner
March 4, 2024

The defendant, James E. Thomas ("Thomas"), pled guilty, in two separate criminal action numbers, on March 16, 2022. In criminal action number 2010012425 to one count of Possession of a Firearm During the Commission of a Felony (PFDCF), 11 *Del.C.* § 1447; in criminal action number 2103016186 to one count of Resisting Arrest, 11 *Del.C.* § 1257. He was also charged in 2010012425 with one

additional count of Possession of a Firearm During the Commission of a Felony, six counts of Possession of a Firearm by a Person Prohibited, one count of Possession of Weapons and Drugs, one count of Possession of a Controlled Substance, one count of Resisting Arrest, one count of Possession of Drug Paraphernalia, and one count of Possession of Marijuana. In criminal action number 2103016186 Thomas was also charged with four counts of Possession of a Firearm by a Person Prohibited (PFBPP/PABPP), one count of Carrying a Concealed Deadly Weapon, and an additional charge of Resisting Arrest, one count of Assault in the Second Degree, and three driving violations. As part of the plea deal the State agreed to enter *nolle prosequis* on the remaining charges to cap its recommended Level V incarceration to 15-years. The parties jointly agreed to a presentence investigation. Had Thomas gone to trial and been found guilty as charged he faced many years in jail including several years of minimum mandatory. The Court sentenced Thomas on September 13, 2022, to a total of twenty-seven years at Level V, suspended after serving 15-years, five of which was minimum mandatory time, followed by varying levels of probation.

Thomas did not appeal his conviction to the State Supreme Court. Instead, he filed the pending Motion for Postconviction Relief pursuant to Superior Court Criminal Rule 61 on October 13, 2022, in which he alleges ineffective assistance of

5

counsel.

## FACTS

According to the Affidavit of Probable Cause, on October 26, 2020, Corporal Johnson, of the Dover Police Department, observed Thomas conduct an illegal drug transaction in the area of Reed Street and S. New Street in Dover. Then Thomas walked to an apartment located at 420 West Division Street. After Thomas exited the apartment, the police contacted Thomas and ordered him to stop due to an active warrant for his arrest concerning his fleeing the scene of a collision. Thomas failed to comply with the officer's request to stop and ran away from the police. Shortly thereafter, the police caught Thomas. He was found in possession of 78 bags of heroin weighing approximately 546 grams and $450.00 in U.S. Currency. Next, the police responded to the apartment at 420 W. Division Street that Thomas had vacated after making the drug deal prior to his arrest. Tadajah Glasco allowed the police into the apartment and gave consent for them to search the property. She stated she was the babysitting Thomas's children who were present. The police found a loaded .9 mm Taurus handgun. Both Glasco and Thomas stated that the gun was Thomas'. A search warrant was obtained, and ten .9 mm rounds of ammunition were also found, along with 2.5 grams of marijuana and various packaging materials for heroin. From these charges, Thomas pled guilty to the Possession of a Firearm During the

Commission of a Felony. (Case number 20100125425).

Next, while out on bail for the above noted offenses, on March 29, 2021, the Dover Police initiated a traffic stop of Thomas who they observed driving a Honda Accord. A DELJIS inquiry had shown that Thomas had a suspended driver's license and should not have been driving. Thomas pulled into the driveway of 420 W. Division Street[1] and opened the driver's side door at which time the police officer noticed a strong smell of marijuana smoke coming from the vehicle. Thomas was instructed to exit the vehicle, but when he did, he began to run away from the police. Ultimately, Thomas was once again taken into custody after fleeing the police for a second time. A search of the vehicle revealed a Taurus .357 magnum handgun with 6 live rounds of ammunition concealed between the driver seat and the center console. From these offenses Thomas pled guilty to resisting arrest, (Case number 2103016186).

## THOMAS' CONTENTIONS

In his Motion for Postconviction Relief, Thomas raises the following grounds for relief:

| Ground One | Ineffective Assistance of Counsel. During my case procedings, [sic.] I was not giving [sic.] my complete discovery. Important information was withheld from me. |

---

[1] The location of the apartment referred to in the prior offense.

7

| Ground Two | Suppression of Favorable Evidence. My attorney denied me my right to suppress the search warrant after we disovered [sic.] there was probable cause to question the nature of it. |
|---|---|
| Ground Three | Unfulfilled Plea Agreement<br>I was promised that 5 yrs would be my sentence. I singed [sic.] the plea only because I was promised 5 yrs. I was lied to. |

## DISCUSSION

Under Delaware Law, the Court must first determine whether Thomas has met the procedural requirements of the Superior Court Criminal Rule 61(i) before it may consider the merits of the postconviction relief claims.[2]   Under Rule 61, postconviction claims for relief must be brought within one year of the conviction becoming final.[3]  Thomas's Motion was filed in a timely fashion, thus the bar of Rule 61(i)(1) does not apply to this Motion.  As this is Thomas's initial Motion for Postconviction Relief, the bar of Rule 61(i)(2), which prevents consideration of any claim not previously asserted in a postconviction motion, does not apply either.

None of Thomas's claims were raised previously at his plea, sentencing, or on direct appeal. Consequently, they are barred under Superior Court Criminal Rule 61(i)(3) unless he demonstrates: (1) cause for relief from the procedural default; and

---

[2] *Bailey v. State*, 588 A.2d 1121, 1127 (Del. 1991)
[3] Super. Ct. Crim. R. 61(i)(1).

(2) prejudice from a violation of the movant's rights.[4] The bars to relief are inapplicable to a jurisdictional challenge or to a claim that satisfies the pleading requirements of subparagraph (2)(i) or (2)(ii) of subdivision (d) of Rule 61.[5] To meet the requirements of Rule 61(d)(2), a defendant must plead with particularity that new evidence exists that creates a strong inference that the movant is actually innocent in fact of the acts underlying the charges of which he was convicted[6] or that he pleads with particularity a claim that a new rule of constitutional law, made retroactive to cases on collateral review by the United States or Delaware Supreme Courts, applies to the defendant's case rendering the conviction invalid.[7] Thomas's Motion pleads neither requirement of Rule 61(d)(2).

Each of Thomas' ground for relief is premised to some degree, on ineffective assistance of counsel. Therefore, Thomas has alleged sufficient cause for not having asserted this ground for relief at trial and on direct appeal. Thomas's ineffective assistance of counsel's claim is not subject to the procedural default rule in part because the Delaware Supreme Court will not generally hear such claims for the first time on direct appeal. For this reason, many defendants, including Thomas, allege ineffective assistance of counsel in order to overcome the procedural default.

---

[4] Super. Ct. Crim. R. 61(i)(3).
[5] Super. Ct. Crim. R. 61(i)(5).
[6] Super. Ct. Crim. R. 61(d)(2)(i).
[7] Super. Ct. Crim. R. 61(d)(2)(ii).

"However, this path creates confusion if the defendant does not understand that the test for ineffective assistance of counsel and the test for cause and prejudice are distinct, albeit similar, standards."[8]  The United States Supreme Court has held that:

> [i]f the procedural default is the result of ineffective assistance of counsel, the Sixth Amendment itself requires that the responsibility for the default be imputed to the State, which may not 'conduc[t] trials at which persons who face incarceration must defend themselves without adequate legal assistance;' [i]neffective assistance of counsel then is cause for a procedural default.[9]

A movant who interprets the final sentence of the quoted passage to mean that he can simply assert ineffectiveness and thereby meet the cause requirement will miss the mark.  Rather, to succeed on a claim of ineffective assistance of counsel, a movant must engage in the two-part analysis enunciated in *Strickland v. Washington*[10] and adopted by the Delaware Supreme Court in *Albury v. State*.[11]

In the context of a guilty plea challenge, *Strickland* requires a defendant show: (1) that counsel's representation fell below an objective standard or reasonableness; and (2) that counsel's actions were prejudicial to him in that there is a reasonable probability that, but for counsel's error, he would not have pled guilty and would

---

[8] *State v. Gattis*, 1995 WL 790961 (Del. Super.)
[9] *Murray v. Carrier*, 477 U.S. 478, 488 (1986).
[10] 466 U.S. 668 (1984).
[11] 551 A.2d 53, 58 (Del. 1988).

have insisted on going to trial and that the result of the trial would have been his acquittal.[12] The failure to establish that they defendant would not have pled guilty and would have proceeded to trial is sufficient cause for denial of relief.[13] In addition, Delaware Courts have consistently held that in setting forth a claim of ineffective assistance of counsel, a defendant must make concrete allegations of actual prejudice and substantiate them of risk summary dismissal.[14] When examining the representation of counsel pursuant to the first prong of the *Strickland* test, there is a strong presumption that counsel's conduct was professionally reasonable.[15] This standard is highly demanding.[16] *Strickland* mandates that, when viewing counsel's representation, this Court must endeavor to "eliminate the distorting effects of hindsight."[17]

Following a complete review of the record in this matter, it is clear that Thomas has failed to allege any facts sufficient to substantiate his claims that his attorney was ineffective.[18] I find Trial Counsel's affidavit, in conjunction with the

---

[12] *Strickland*, 466 U.S. at 687

[13] *Somerville v. State*, 703 A.2d 629, 631 (Del. 1988) (Citing *Albury v. State,* 551 A.2d 53, 60 (Del. 1988)) (citations omitted).

[14] *See e.g., Outten v. State*, 720 A.2d 547, 557 (Del. 1998), citing *Boughner v. State*, 1995 WL 466465 at *1 (Del. Supr.).

[15] *Albury,* 551 A.2d at 59 *(*Citing *Strickland,* 466 U.S. at 689).

[16] *Flamer v. State*, 585 A.2d 736, 754 (Del. 1990) (quoting *Kimmelman v. Morrison*, 477 U.S. 365, 383 (1986)).

[17] *Strickland*, 466 U.S. at 689.

[18] Thomas's counsel states in his affidavit that he suggested to Thomas that a worst-case scenario would be a 10-year Level V sentence. I however, do not conclude this suggestion amounts to ineffective assistance of counsel and no prejudice exists in any event due to the overwhelming facts against Thomas.

record, more credible than Thomas' self-serving claims that his counsel's representation was ineffective.

Turning briefly to Thomas' claims in his first ground for relief. He claims "[d]uring my case procedings[sic] I was not giving[sic] my complete discovery. Important information was withheld from me."[19] Thomas' claim is without merit.

To prevail on claim of ineffective assistance of counsel, a defendant must satisfy both prongs of *Strickland*.[20] As indicated in trial counsel's verified letter, a complete copy of discovery (except for electronic media which he could not review while incarcerated) was provided to Thomas months before his plea was entered.[21] Thomas indicated under oath during his plea colloquy that he was satisfied with his counsel's representation.

In addition, even had discovery not been provided, Thomas has not alleged any prejudice whatsoever.

Because Thomas cannot show any error by his counsel, the Court need not address the prejudice prong of *Strickland.* But Thomas has also failed to show any prejudice. Thus, Thomas' claim of ineffective assistance of counsel, as it relates to provision of discovery, fails.

---

[19] Def.'s Mot. For Postconviction Relief at 3.
[20] *See Archy v. State,* 2011 WL 4000994, at *5 (Del. Sep. 8, 2011) (stating, "[generally, a claim for ineffective assistance of counsel fails unless *both* prongs of the *Strickland* test have been established").
[21] Verified Letter of Counsel at 1.

Thomas claims that the trial counsel was ineffective for failing, variously, to file a motion to suppress, or for suppressing unspecified favorable evidence.[22] He claims that his trial counsel "denied me my right to suppress the search warrant after he disovered [sic.] there was probable cause to question the nature of it,"[23] omitting to mention that he stated under oath during his plea colloquy that he was aware of whatever rights he had, if any, concerning suppression of evidence.

Thomas has articulated no facts that show that his counsel's failure to file a motion to suppress was error at all, much less an error cognizable under *Strickland.*

More importantly, there is no evidence Thomas suffered prejudice. The firearm Thomas was charged with possessing in the October 26, 2020, case was located during a consented search of a bag in which Thomas had no standing, although a subsequent search warrant was obtained for the apartment. He confessed to it being his gun. There is no evidence that if the motion had been filed, the result of the proceeding would be different.

Thomas cannot establish *Strickland* error or prejudice, so his claim fails.

Thomas claims that he "was promised that 5 years would be my sentence,"[24] although he does not specify who made that promise. He claims that he "singed [sic]

---

[22] Def.'s Mot. For Postconviction Relief at 3.
[23] *Id.*
[24] Def.'s Mot. For Postconviction Relief at 3.

the plea only because I was promised 5 years. I was lied to,"[25] although he fails, again, to identify who promised that or who lied to him. Although this claim is procedurally barred because it was not raised on direct appeal, it also fails on its merits.

The record shows Thomas' claim is unsupported. The plea agreement, Truth-in-Sentencing Guilty Plea Form, and Thomas' answers under oath during the plea colloquy all reveal that he was aware of the range of possible punishments and the cap on the State's recommendation. His trial counsel also advised him of his exposure and the recommended range.[26] Thomas cannot now claim otherwise.

Thomas was facing the possibility of many years in jail, including minimum mandatory time, had he been convicted on all counts. The sentence and plea were very reasonable under all the circumstances, especially in light of all the evidence against him. Prior to the entry of the plea, Thomas and his attorney discussed the case and the plea. The plea bargain was clearly advantageous to Thomas even if his sentence was longer than he anticipated it to be. Counsel was successful in negotiating a beneficial plea bargain with the State. Counsel's representation was certainly well within the rage of required by *Strickland*. Additionally, when Thomas entered his plea, he stated he was satisfied with Defense Counsel's performance. He

---

[25] *Id.*

[26] Verified Letter of Counsel at 2.

is bound by his statements unless he presents clear and convincing evidence to the contrary.[27] Consequently, Thomas has failed to establish that his counsel's representation was ineffective under the *Strickland* test.

Even assuming, *arguendo*, that counsel's representation of Thomas was somehow deficient, Thomas must satisfy the second prong of the *Strickland* test, prejudice. In setting forth a claim of ineffective assistance of counsel, a defendant must make concrete allegations of actual prejudice and substantiate them or risk dismissal.[28] In an attempt to show predjudice Thomas simply asserts that his counsel was ineffective by failing to give him discovery and not filing a motion to suppress and for allegedly promising him what his sentence would be. Counsel clearly denied being unprepared. While it is  true that counsel suggested to Thomas that a worst case scenario could be ten years at Level V, Thomas was fulled apprised by counsel and the Court that he faced the possiblity of twenty seven year sentence and that the Judge could sentence him to that amount of time despite what his attorney may have suggested to him. He chose to plead guilty knowing the consequences. My review of the facts of the case leads me to conclude that Trial Counsel's representation of Thomas was well within the requirements of the Sixth Amendment and no prejudice has been demonstrated. His statements are insufficient to establish prejudice,

---

[27] *Mapp v. State*, 1994 WL 91264, at *2 (Del. Supr.) (Citing *Sullivan v. State*, 636 A.2d 931, 937-938 (Del. 1994)).
[28] *Larson v. State*, 1995 WL 389718, at *2 (del. Supr.) (citing *Younger v. State,* 580 A.2d 552, 556 (Del. 1990)).

15

particularly in light of the strong evidence against him. Therefore, I find Thomas's grounds for relief are meritless.

To the extent that Thomas alleges his plea was involuntary, the record contradicts such an allegation. Then addressing the question of whether a plea was constitutionally knowing and voluntary, the Court looks to a plea colloquy to determine if the waiver of constitutional rights was knowing and voluntary.[29] At the guilty-plea hearing, the Court asked Thomas whether he understood the nature of the charges, the consequences of his pleading, and whether he was voluntarily entering the plea. The Court asked Thomas if he understood he would waive his constitutional rights if he entered the plea including the right to suppress evidence; if he understood each of the constitutional rights listed on the Truth-in-Sentencing Guilty Plea Form ("Guilty Plea Form"); and whether he gave truthful answers to all the questions on the form. The Court asked Thomas if he had discussed his plea and its consequences fully with his attorney. The Court asked Thomas if he was aware that he would waive all his constitutional rights including the right to file a motion to suppress evidence if he pled guilty. The Court also asked Thomas if he was satisfied with this counsel's representation. Thomas answered each of these questions affirmatively.[30]

---

[29] *Godinez v. Moran,* 509 U.S. 389, 400 (1993)
[30] *State v. Thomas*, Del. Super., I.D. no 2103016186 (March 16, 2022) Tr. at 5-15

Furthermore, prior to entering his plea, Thomas signed a Guilty Plea Form and Plea Agreement in his own handwriting. Thomas' signature on the forms indicates that he understood the constitutional rights he was relinquishing by pleading guilty and that he freely and voluntarily decided to plead guilty to the charges listed in the Plea Agreement. Thomas is bound by the statements he made on the signed Guilty Plea Form, unless he proves otherwise by clean and convincing evidence.[31] I confidently find that Thomas entered his plea knowingly and voluntarily and that Thomas' grounds for relief are meritless.

## CONCLUSION

I find that Thomas' counsel represented him in a competent and effective manner as required by the standards set in *Strickland* and that Thomas has failed to demonstrate any prejudice stemming from the representation. I also find that Thomas' guilty pleas was entered knowingly and voluntarily. I recommend that the Court *DENY* Thomas' Motion for Postconviction Relief as meritless.

<u>/s/Andrea M. Freud</u>
Commissioner

AMF/jan
oc:  Prothonotary
cc:  Resident Judge Jeffery J Clark
     Kevin B. Smith, Department of Justice
     Alexander W. Funk, Esq.

---

[31] *Sommerville v. State*, 703 A.2d 629, 632 (Del. 1997).

17